I write specially to point out that the authority for this Court's holding that the elective share is to be determinedafter the homestead allowance and exempt property have been deducted from the decedent's gross estate is found in the language of the pertinent statutes, to-wit:
"§ 43-8-74
 "A surviving spouse is entitled to homestead allowance, exempt property, and family allowance, whether or not he elects to take an elective share."
"§ 43-8-110
 ". . . The homestead allowance is exempt from and has priority over all claims against the estate. Homestead allowance is in addition to any share passing to the surviving spouse. . . ." (Emphasis added.)
"§ 43-8-111
 ". . . Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate, except that the right to any assets to make up a deficiency of exempt property shall abate as necessary to permit prior payment of homestead allowance and family allowance. These rights are in addition to any benefit or share passing to the surviving spouse . . . by way of elective share." (Emphasis added.)